# EXHIBIT 1

AMERICAN CIVIL LIBERTIES UNION
Virginia

P.O. Box 26464
Richmond, VA 23261
(804) 644-8022
acluva.org

October 22, 2025

David Bush
Colleen Davis
Ed Frank
Cathy Hoover
Carrie Cleveland
King George County School Board
9100 St. Anthony's Road,
King George, VA 22485

***VIA EMAIL***

Re: Unconstitutional denial of school club formation

Dear King George School Board:

At the beginning of the 2025 academic year, a King George Middle School ("KGMS") student and teacher-sponsor sought to register a new student organization called the Genders and Sexuality Alliance ("GSA"). In response to certain community members' opposition to the club, King George County Schools ("KGCS") chose to "pause" the start of the GSA—effectively denying the club's application for an indefinite period. Because KGCS's actions violate the First Amendment to the U.S. Constitution and the Equal Access Act ("EAA"), we urge you to promptly allow the GSA to convene.

As you may know, on September 15, 2025 an interest form advertising the proposed GSA was posted to the KGMS Student Clubs Canvas site. Prior to this posting, the teacher-sponsor communicated with the KGMS Principal, Dr. Casey Nice, on how to follow proper procedures to register the club. With Dr. Nice's guidance, the teacher created the interest form and posted it to the Canvas site. Shortly after the posting, the interest form was shared to an unofficial King George County Facebook group garnering considerable community discussion. As a result, KGCS officials removed the Canvas posting and, ultimately, "paused" the GSA club formation. The KGCS School Board has discussed and opted to continue blocking the GSA club formation at recent School Board meetings.

KGCS has only taken adverse action against the GSA; all other student clubs have been allowed to form and convene. KGCS has singled out the GSA based on its viewpoints and the "pause" violates the First Amendment and the EAA, as well as internal KGCS policies. Denying the GSA a chance to form a club is thus unlawful.

Under the EAA when a "public secondary school"[1] creates a "limited open forum" by permitting "non-curriculum related student groups to meet on school premises during noninstructional time," it may not "deny equal access" to other student groups "on the basis of the religious, political, philosophical, or other content of the speech" of such group.[2] The EAA establishes a clear right for secondary school students, which includes middle school students in Virginia, to form a GSA.[3] And courts have consistently ruled in favor of students where schools have banned GSA clubs in accordance with the EAA.[4]

Not only has KGCS violated the EAA, it has violated the First Amendment. Denying the GSA the ability to meet while allowing other student organizations to meet "constitutes impermissible viewpoint discrimination" in violation of the First Amendment.[5] Viewpoint discrimination, which "targets" the specific views or opinions of the speaker, rather than the subject matter generally, is "prohibited in all forums."[6] Viewpoint discrimination is apparent, for example, if a government official's decision to take a challenged action was "impermissibly motivated by a desire to suppress a particular point of view."[7] KGCS's denial of the GSA and pretextual student activity ban was undoubtedly motivated by a desire to

AMERICAN CIVIL LIBERTIES UNION
Virginia

---

[1] "A school intermediate between elementary school and college and usually offering general, technical, vocational, or college-preparatory courses." *Secondary School,* Merriam-Webster Dictionary, https://www.merriamwebster.com/dictionary/secondary%20school (last visited October 21, 2025).
[2] 20 U.S.C.A. § 4071(a).
[3] *See Gay-Straight All. of Okeechobee High Sch. v. Sch. Bd. of Okeechobee Cnty*., 483 F. Supp. 2d 1224, 1230 (S.D. Fla. 2007) (ordering a school board, under the Equal Access Act, to grant official recognition and all privileges given to other clubs to the school's Gay-Straight Alliance); *see also Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty*., Fla., 842 F.3d 1324, 1331 (11th Cir. 2016) (finding that the Equal Access Act applies to Carver Middle School and, as such, the school board violated the Equal Access Act when it denied the application to form a Gay-Straight Alliance student club).
[4] *See, e.g., Straights and Gays for Equality v. Osseo Area Schools-District No. 279*, 540 F.3d 911, 236 Ed. Law Rep. 173 (8th Cir. 2008); *Gay-Straight Alliance of Yulee High School v. School Bd. of Nassau County*, 602 F. Supp. 2d 1233, 243 Ed. Law Rep. 301 (M.D. Fla. 2009); *Boyd County High School Gay Straight Alliance v. Board of Educ. of Boyd County, KY*, 258 F. Supp. 2d 667, 177 Ed. Law Rep. 211 (E.D. Ky. 2003).
[5] *See Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 110-12 (2001). (Governmental discrimination against a group based on its identity also violates the Free Exercise Clause.)
[6] *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. Five*, 470 F.3d 1062, 1067 n.2 (4th Cir. 2006*); see also Matal v. Tam*, 582 U.S. 218, 243 137 S. Ct. 1744, 1763, 198 L.Ed.2d 366 (2017) (quoting *Rosenberger*, 515 U.S. at 830–31) ("When government creates such a forum, in either a literal or 'metaphysical' sense, ... some content- and speaker-based restrictions may be allowed.... However, even in such cases, what we have termed 'viewpoint discrimination' is forbidden." (internal citations omitted)).
[7] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc*., 473 U.S. 788, 812–13, 105 S. Ct. 3439, 3454, 87 L. Ed. 2d 567 (1985).

suppress a particular viewpoint.

KGCS may not prevent the GSA and its members from meeting at KGMS on these bases. We expect that KGCS will honor its obligations under the First Amendment and EAA and immediately allow the GSA to convene. If KGCS intends to deny the request, please provide a written explanation of the basis for the denial.

We ask that you share this letter with attorneys for the school board and have them contact us no later than close of business on October 31, 2025. We are hopeful we can resolve this matter. You may reach us by email at wrolla@acluva.org or by phone at (804) 523-2146.

ACLU
AMERICAN CIVIL LIBERTIES UNION
Virginia

We look forward to your response.

Sincerely,
/s/
Wyatt Rolla, Senior Trans Rights Attorney
Matthew Callahan, Senior Supervising Attorney
Julia Kahn, Dunn Legal Fellow