IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| Z.J.W., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-775 |
| | ) | |
| KING GEORGE COUNTY SCHOOL BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO FILE CERTAIN EXHIBITS UNDER SEAL (ECF NO. 31) AND MOTION FOR LEAVE TO FILE DECLARATION UNDER PSEUDONYM (ECF NO. 33)**

COME NOW Defendants, King George County School Board ("School Board"), Dr. Jesse Boyd and Dr. Casey Nice, by counsel, and in support of their Opposition to Plaintiffs' Motion to File Certain Exhibits Under Seal (ECF No. 31) and Motion for Leave to File Declaration Under Pseudonym (ECF No. 33) state, as follows:

**INTRODUCTION**

This litigation arises from Plaintiffs' claims that Defendants violated their rights by denying a proposed Gay Student Alliance ("GSA") organization from forming and meeting at King George Middle School ("KGMS") while allowing other student organizations, which Plaintiffs contend are non-curricular, to form and meet at KGMS. Plaintiffs bring claims premised on violation of the First Amendment (impermissible viewpoint discrimination) and Equal Access Act. Defendants deny the validity of these claims.

In order to request formation of the GSA at KGMS, Plaintiffs had to identify a professional staff member who agreed to act in a custodial and non-participatory role for the organization ("Identified Staff Member"). The GSA's Identified Staff Member is the individual for whom

Plaintiffs now seek permission to submit a declaration under the pseudonym of "Becca Boe" and whose name they seek to redact from all documents which Plaintiffs have filed with the court. Plaintiffs make these requests despite the fact that Becca Boe's identity is already well known, publicized and publicly available as it pertains to this case. Becca Boe (1) identified herself by name on a GSA Information Flyer which was sent home with all KGMS' students in September 2025 (Exhibit E to the Declaration of Becca Boe); (2) is identified by name on the GSA Alliance Syllabus submitted to KGMS, which is a document open to the public through the Virginia Freedom of Information Act ("VFOIA") (Exhibit E to the Declaration of Becca Boe); (3) is identified by name as the GSA "sponsor" in publicly available School Board minutes (Exhibit 13 to Declaration of Julia Kahn); and (4) has, according to Plaintiffs, been publicly identified in Facebook posts as the "sponsor" of the GSA. In addition to the futility of concealing Ms. Boe's identity when it is so well known, Plaintiffs have not identified any real, concrete or particular facts to support allowing Ms. Boe to proceed pseudonymously or have her name redacted from filings made with this court.

Defendants oppose Plaintiffs' request, a request which is available only in rare and extraordinary circumstances, *Doe v. Nat'l Apt. Ass'n*, 2026 U.S. Dist. LEXIS 129956, * 2 (D. Md. Jue 11, 2026), not present here.

## LAW AND ARGUMENT

### A. Plaintiffs Should Not be Permitted to File Becca Boe's Declaration Under a Pseudonym as Plaintiffs Do Not Satisfy the *James* test.

The United States Court of Appeals for the Fourth Circuit has explained that there is a "general presumption of openness of judicial proceedings." *James v. Jacobson*, 6 F.3d 233, 238

(4th Cir. 1993). As such, a district court may allow persons[1] to proceed under a pseudonym in certain rare and extraordinary circumstances. *Doe*, 2026 U.S. Dist. LEXIS 129956, * 2 (citing *James*, 6 F. 3d at 238). The "test for deciding if a plaintiff should proceed anonymously is whether he [or she] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Va. Polytechnic Inst. & State Univ*., 2022 U.S. Dist. LEXIS 60106, 2022 WL 972629, at *1 (W.D. Va. Mar. 30, 2022) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (internal quotation marks omitted). The Fourth Circuit, in *James*, identified five non-exhaustive factors which a district court should balance to determine whether the facts warrant permission to proceed under a pseudonym:

> [(1)] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [(3)] the ages of the persons whose privacy interests are sought to be protected; [(4)] whether the action is against a governmental or private party; and, relatedly, [(5)] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

Plaintiffs argue that when balancing the *James'* factors in this case, the scale tips in favor of granting their motion. It does not. Instead, the scale is heavily weighted against the motion.

**1. Avoiding the Annoyance and Criticism that May Attend Litigation Versus Preservation of Privacy in a Matter of Sensitive and Highly Personal Nature.**

Plaintiffs assert that prong 1 of *James* weighs in favor of granting their motion because they seek to "protect [Ms. Boe] from the consequences of having been publicly targeted with

[1] As Plaintiffs correctly point out, the *James´* test is usually raised in the context of a litigant seeking to proceed under a pseudonym, but the test appears to also be applicable to witnesses and third parties.

accusations of child grooming" and because she has been "doxed" on Facebook. Doc. 34, p. 4. Plaintiffs' argument fails.

At the outset, through their argument, Plaintiffs acknowledge that Ms. Boe's identity and relationship to the GSA organization is already publicly known. This is further supported by the exhibits which they seek to seal, including the GSA Information Flyer bearing Ms. Boe's real name, which was sent home with all KGMS' students in September 2025 (Exhibit E to the Declaration of Becca Boe); the GSA Alliance Syllabus submitted to KGMS (Exhibit E to the Declaration of Becca Boe); and Ms. Boe's identification by name as the GSA "sponsor" in publicly available School Board minutes (Exhibit 13 to Declaration of Julia Kahn). There is no justification to shield one's identity when that identity is already connected to this case through numerous, available public documents. Ms. Boe's privacy cannot be "preserved" under these facts, even if there was a valid reason to try to preserve her privacy, which there is not.

Additionally, Plaintiffs have not identified a matter that is sensitive and highly personal to Ms. Boe which should be preserved. Instead, Plaintiffs complain that Ms. Boe was accused on Facebook of grooming kids (though these posts have not been filed with the court) and that on the same Facebook page hundreds of negative comments (not aimed at Ms. Boe) were posted. Citing to *Doe v. Va. Polytechnic Inst. & State Univ.*, 2026 U.S. Dist, LEXIS 25537 (W.D. Va. Feb. 6, 2026), Plaintiffs argue that this is sufficient to tip factor 1 of *James* in her favor. But the reasons that the *Doe v. Va. Polytechnic Inst. & State Univ.* court found factor 1 favored Doe was because he was accused of sexual assault in a college disciplinary proceeding and "[t]his court and 'others in the Fourth Circuit frequently have afforded litigant[s] anonymity in Title IX claims concerning sexual assault or rape.' *Doe v. Liberty Univ., Inc.*, No. 6:21-CV-00059, 2022 U.S. Dist. LEXIS 178943, 2022 WL 4781727, at *5 (W.D. Va. Sept. 30, 2022) (citing *Doe v. Washington & Lee*

*Univ.*, 439 F. Supp. 3d 784 (W.D. Va. 2020)). Also, on the first *James* factor, courts take notice that university disciplinary proceedings—unlike judicial proceedings—are confidential, so, in cases such as this one, some of the details of the alleged wrongdoing are not yet public. *Doe*, 2020 U.S. Dist. LEXIS 46319, 2020 WL 1287960, at *3." *Doe v. Va. Polytechnic Inst. & State Univ.*, 2026 U.S. Dist, LEXIS 25537 at * 6.

The present case has no similarity to the case relied upon by Plaintiffs. Here, there are no allegations concerning sexual assault, rape or anything at all of a private or sensitive nature as it concerns Ms. Boe. And, unlike the cited case where Doe's identity was otherwise not publicly available, Ms. Boe's identity has been and remains publicly available and linked to the circumstances giving rise to this case.

It is clear that the request by Plaintiffs to shield Ms. Boe's identity is for purposes of allowing her to avoid any additional annoyances or criticisms that she may face for choosing to submit a declaration or otherwise participate in this litigation. That is not sufficient to tip factor 1 of the *James'* test in Plaintiffs' favor. [2]

**2. Risk of Retaliatory Harm**

Plaintiffs contend that identification of Ms. Boe poses a concrete and documented risk of harm because Principal Nice "suggested that Ms. Boe avoid speaking publicly about the GSA to protect her job." ECF No. 34, p. 4. Ms. Boe believed that to be a threat to her "non-tenured" contract. She also surmises that if she is identified as the target of grooming allegations, it might

[2] It is also worth noting that Ms. Boe was the Identified Staff Member when the GSA attempted to form and presumably would continue in this role if Plaintiffs are successful in this litigation. It makes little sense for her to be permitted to be public at the time the GSA tried to form, appear pseudonymously during litigation, and reappear publicly in the very same role after the litigation concludes if Plaintiffs prevail.

have an impact on future employment opportunities. These assertions are not concrete or sufficient to tip factor 2 of the *James'* test in Plaintiffs' favor.

Without conceding that Principal Nice made the comment which Plaintiffs attribute to him, it is clear that he cannot terminate or cause non-renewal of Ms. Boe's contract. Under Virginia Code § 22.1-303, Ms. Boe reached continuing contract status (there is no such thing as tenure) after a term of service of three years in King George County. As such, Ms. Boe could only be terminated for statutorily specified reasons or other good and just cause. Virginia Code § 22.1-307. The recommendation for dismissal must come from the division superintendent (not a principal), after which the teacher may request a hearing with the school board. Virginia Code § 22.1-309. The school board retains exclusive final authority over matters concerning employment and supervision of its personnel, including dismissals. Virginia Code § 22.1-313. Given this clear legal framework, it is not reasonable to conclude that if Dr. Nice told Ms. Boe to stop speaking publicly about the GSA to protect her job that the comment reflected a concrete and documented risk that the School Board would seek to terminate her contract. And it is nonsensical to suggest that granting her motion to proceed pseudonymously would avoid this purported risk of retaliation because every member of the School Board knows Ms. Boe's identity and has known about her relationship with GSA since September 2025 when flyers were sent home with KGMS students identifying her as the organization's Identified Staff Member, followed by her identification as such at a School Board meeting on December 8, 2025.

As for the assertion that public identification of Ms. Boe might foreclose employment opportunities in the future, this is purely speculative and does not support proceeding pseudonymously. *See Doe v. Pub. Citizen*, 749 F.3d 246, 274-75 (4th Cir. 2014) (finding speculative harm is not a basis for proceeding anonymously). Further, "many out-of-circuit courts

and district courts have found that [] 'naked speculation of future [economic and reputational] harm does not justify pseudonymous litigation.'" *Doe v. Eagle Distrib. Co., LLC*, 2025 U.S. Dist. LEXIS 129702, * 5 (E.D. Va. July 8, 2025) (citing *Doe v. Corp. Sec. Sols., Inc*., 751 F. Supp. 3d 609, 614-15 (E.D.N.C. Sept. 27, 2024) (collecting numerous out-of-circuit cases and district court cases); *Candidate No. 452207*, 42 F. Supp. 3d at 808 ("[I]nterests in avoiding embarrassment, criticism, and reputational harm are not privacy interests in a matter of an especially sensitive or highly personal nature and, otherwise, are not sufficient to overcome the public interest.")).

Plaintiffs have identified no facts which show that anonymity is necessary to protect Ms. Boe from the risk of retaliatory harm.[3] As such, factor 2 of the *James'* test weighs against granting Plaintiffs' motion.

**3. Age**

Plaintiffs try to contort this factor to argue that it is neutral since identification of Ms. Boe could reveal which students she mentored and compromise the minors' privacy. But "[t]he third *James* factor considers **the ages of the persons whose privacy interests are sought to be protected**." *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (emphasis added). The motion before

[3] Plaintiffs' reliance on *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) is misplaced. The court did not find that factor 2 was met because "plaintiff showed press coverage of the case in a relatively small community" as argued by Plaintiffs. ECF No. 34, p. 5. The case involved a college disciplinary proceeding in which Doe was accused of rape. Doe had not been publicly identified. The court commented, "[t]his case has received a fair amount of press for a relatively small community, and it stands to reason that there are some persons who would seek to inflict physical or mental harm on Doe if they learned of his real name, especially in light of the ongoing national conversation about sexual misconduct on college campuses." *Id.* at 40. The court did not find risk of retaliatory harm simply because there was press coverage.

this court does not seek to protect anyone but Ms. Boe, and she is not a minor.[4] This factor weighs against allowing the declaration to be filed pseudonymously.

**4. Government Defendants**

Defendants acknowledge that given their status as governmental entities (the individual defendants having been named only in their official capacity), this factor weighs in favor of granting Plaintiffs' motion.

**5. Unfairness to Defendants**

Defendants do not contend that it would be unfair to allow Ms. Boe to file a declaration under a pseudonym. As such, this factor also weighs in favor of granting Plaintiffs' motion. However, factors 4 and 5 are not the weightiest factors for the court to consider, and when balanced against factors 1 through 3, which do not support the motion, the court should deny it.

**B. Plaintiffs Should Not be Permitted to Seal "Certain Exhibits" on the Grounds that Sealing is Necessary to Protect Becca Boe's Identity.**

"Litigation occurs in public." *Warnick v. Arrowsmith*, No. 3:16v876, 2017 U.S. Dist. LEXIS 109787, 2017 WL 2999025, at *5 (E.D. Va. July 14, 2017). In *Warnick*, the court discussed the importance of the public's right to know how the courts do their business:

> Courts do their business in public. Courts hear cases in public and announce their decisions in public, and they base their decisions on evidence the public can hear, view, or read.
>
> Courts do their business in public because cases affect more people than just the parties before the Court. People follow court proceedings for a variety of reasons. Sometimes, simple curiosity spurs interest in judicial proceedings. Sometimes, people want to know what happened in court so that they can guide their own future conduct. And, perhaps most important, sometimes people just want to check on the courts' exercise of power.

[4] Notably, the minors involved in this case have not sought to proceed under a pseudonym. They have also spoken publicly at School Board meetings, and their identities are publicly known and available.

*Id*. And courts only reluctantly seal public documents: "[m]otions to file documents under seal are disfavored and discouraged." See Local Civ. R. 5(C). That is because the common law presumes a right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978). The common law presumption of access may be overcome if the proponent of the sealing motion shows some significant interest that outweighs the presumption of access. *See Rushford v. The New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co*., 807 F.2d 383, 390 (4th Cir. 1986).

Some instances where access to court files may be denied include, "(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press consumption, or (3) where disclosure might reveal trade secrets[.]" *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 598-99). In deciding whether to seal court records and documents, the court should consider factors including "whether the records are sought for improper purposes . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (1978) (citing Nixon, 435 U.S. at 597-608).

In this case, the sole ground upon which Plaintiffs seek to seal "certain exhibits" is that the exhibits identify Becca Boe and she may be further harassed if her real identity is known. For the reasons set forth above, Becca Boe should not be permitted to proceed pseudonymously, and should the court agree with Defendants, it follows that the Motion to Seal "Certain Exhibits" should be denied.

Further, there are no facts which support the notion that documents should be sealed to protect some significant interest on the part of Plaintiffs or Becca Boe. Becca Boe is an important

witness in this litigation, and her identity and ties to the GSA and this litigation are well-known and in the existing public domain. In fact, Plaintiffs seek to have this court allow them to file under seal a transcript of public comment made at a School Board meeting, when that document remains publicly available, unredacted, on the School Board's public website. *See* https://www.kgcs.k12.va.us/school-board/meeting-information (click on Agendas and Minutes, Meetings, 2025, December 8, 2025, Regular Meeting, View Minutes, Public/Employee Comments). No purpose is served – and certainly not a compelling purpose – by sealing documents containing Becca Boe's name when her name is already in the public domain directly tied to the very issues in this case. Further, the remaining documents which Plaintiffs ask this court to seal, consisting of messages, emails, a Syllabus and interest form were all transmitted by Becca Boe, using her real name, through the School Board's email system utilizing an email address which the School Board assigned to Becca Boe. Plaintiff, Susan Park, requested these documents through the VFOIA, and the documents were produced to Ms. Park **without** redacting Becca Boe's real name because no exemption applied. It is incredible that Plaintiffs would – after gaining access to the documents at issue without redaction – claim that the public should be shielded from seeing those very same documents in their unredacted form. And should the public issue a VFOIA request, as Ms. Park did, the School Board would be obligated to provide unredacted versions of the very documents which Plaintiffs ask this court to shield from public view. This underscores the lack of merit to this motion and yet another reason that it should be denied.

## CONCLUSION

Wherefore, considering the above, Defendants, King George County School Board, Dr. Jesse Boyd and Dr. Casey Nice, oppose Plaintiffs' Motion to File Certain Exhibits Under Seal (ECF No. 31) and Motion for Leave to File Declaration Under Pseudonym (ECF No. 33) and ask

that the court deny both motions. Becca Boe should be required to proceed using her real name, and there are no grounds upon which to seal or redact her name from documents filed with this court.

**Respectfully submitted,**

**KING GEORGE COUNTY SCHOOL BOARD,**
**DR. JESSE BOYD and DR. CASEY NICE**
**By Counsel**

/s/

Heather K. Bardot, Esquire (VSB No. 37269)
McGAVIN, BOYCE, BARDOT
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will transmit a copy electronically to:

Julia Kahn, Esquire
Wyatt Rolla, Esquire
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF VIRGINIA
P.O. Box 26464
Richmond, VA 23261
Tel: (804) 491-8584
jkahn@acluva.org
wrolla@acluva.org

Mary Rohmiller, Esquire
Alice W. Yao, Esquire (*pro hac vice)*
Dylan Nicole de Kervor, Esquire (*pro hac vice application forthcoming*)
POTOMAC LAW GROUP, PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, DC 20006
mrohmiller@potomaclaw.com
ayao@potomaclaw.com
ddekervor@potomaclaw.com

Counsel for Plaintiffs

/s/

Heather K. Bardot, Esquire (VSB No. 37269)
McGAVIN, BOYCE, BARDOT
THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com
Counsel for Defendants